UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>v.<br><br>1449 S. HIGHWAY 6,<br>SUGAR LAND, TEXAS,<br><br>418 W. AUSTIN STREET,<br>FREDERICKSBURG, TEXAS,<br><br>LOT 10, BLOCK 2, OF THE<br>ESTATES AT LAKES OF<br>WILLIAMS RANCH, SECTION 1,<br>FORT BEND COUNTY, TEXAS, and<br><br>420 W. AUSTIN STREET,<br>FREDERICKSBURG, TEXAS,<br>　　　　　Defendants. | CIVIL ACTION NO. __ |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

The United States of America, Plaintiff, files this action for forfeiture in rem against four Defendant real properties. The United States alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1.　This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

2.　Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b).

## THE DEFENDANT PROPERTIES

3. The First Defendant Property is real property located at 1449 Highway 6 in Sugar Land, Texas, together with all improvements, buildings, structures and appurtenances, and legally described as follows:

> 1.2157 acres of land, more or less, located in the S.M. Williams League, Abstract No. Ninety-Seven (97), Fort Bend County, Texas, and being all of Commercial Reserve "N" of Lake Pointe Center Commercial Reserve "G" Replat, a subdivision in Fort Bend County, Texas, according to the map or plat thereof recorded in Plat No. 20050073 of the Plat Records of Fort Bend County, Texas.

The record owner is ZTowers Holdings, LLC.

4. The Second Defendant Property is real property located at 418 West Austin St., Fredericksburg, Texas, together with all improvements, buildings, structures and appurtenances, and legally described by the appraisal district as "FBG ADDN BLK 23 LOT 50-PT."  The record owner is Z-Towers Real Estate Investments Properties LLC.

5. The Third Defendant Property is real property located on Alexandra Way Circle in Richmond, Texas, together with all improvements, buildings, structures and appurtenances, and legally described as follows:

> Lot Ten (10), Block Two (2), of THE ESTATES AT LAKES OF WILLIAMS RANCH, SECTION 1, an addition in Fort Bend County, Texas, according to the map or plat thereof recorded in Plat No. 20180168 of the Map/Plat Records of Fort Bend County, Texas.

The record owner is Roberto Zamora and his wife.

6. The Fourth Defendant Property is real property located at 420 West Austin St., Fredericksburg, Texas, together with all improvements, buildings, structures and appurtenances, and legally described by the appraisal district as "FBG ADDN BLK 23 LOT 49AR." The record owner of the Fourth Defendant Property is Z-Towers Real Estate Investments Properties LLC.

## STATUTORY BASIS FOR FORFEITURE

7. This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense." Pursuant to 18 U.S.C. §1956(c)(7)(F), "any act or activity constituting an offense involving a Federal health care offense" is specified unlawful activity ("SUA"). A "Federal health care offense" is specifically defined in 18 U.S.C. § 24(a) to include violations of Title 18, United States Code, Sections 1347 and 1349 (health care fraud and conspiracy to commit health care fraud).

8. The Defendant Properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as real property which constitutes or is derived from, in whole or in part, proceeds traceable to specified unlawful activity.

9. This action is also brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 [of Title 18], or any property traceable to such property."

10. The Defendant Properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as real property involved in, or traceable to, money laundering in violation of 18 U.S.C. § 1957.

## FACTS

11. Roberto Zamora ("ZAMORA") is the owner of Stone Diagnostics LLC ("STONE DIAGNOSTICS"), a Texas corporation, and TCBilling ("TCB"), a Texas corporation. ZAMORA also owns or controls ZTowers Holdings LLC and Z-Towers Real Estate Investments Properties LLC.

12. Richard Mathis ("MATHIS") was the CEO of a rural county hospital located in Texas (the "Hospital").

**A. THE FRAUD**

13. From approximately September 2017 through July 2019, ZAMORA and MATHIS defrauded and conspired to defraud various health care benefit programs affecting commerce, in violation of Title 18, United States Code, Section 1347 and 1349. The private health care benefit programs provided insurance coverage for medical benefits, including diagnostic tests, to individual beneficiaries.

If the tests were performed at a hospital, rather than a medical office, the insurance reimbursement rates to the provider were much higher.

14. ZAMORA and MATHIS conspired to submit and did submit false and fraudulent claims that stated that the diagnostic tests had been performed at the Hospital, when in fact the tests were not performed at the Hospital but in Houston-area medical offices many miles away. Claims were submitted and payments were sent using interstate wire transmissions.

15. On or about October 18, 2017, MATHIS, on behalf of the Hospital, signed a contract with STONE DIAGNOSTICS, purporting to allow it to provide diagnostic tests to the Hospital's patients; and with TBC, allowing it to provide certain billing services for the Hospital.

16. ZAMORA established agreements with doctors, clinics, and other medical service providers in the Houston area under which the medical providers would conduct diagnostic tests on their patients and submit the billing information to ZAMORA. TCB would then bill various health care benefit programs for those tests using the provider number for the Hospital and falsely stating that the tests had been performed at the Hospital.

17. From approximately October 2017 through July 2019, the Hospital received the insurance payments that were based on fraudulent claims, and MATHIS then caused the Hospital (a) to pay approximately $18 million dollars to STONE

DIAGNOSTICS' Compass bank accounts numbered xxxxx0944 and xxxxx2904; and (b) to pay approximately $2 million dollars to TCB's Compass bank account number xxxxx3560.

18. ZAMORA used some of the health care fraud proceeds he received through the two companies to purchase real property.

**B.   THE PURCHASE OF THE FIRST DEFENDANT PROPERTY**

19. On or about October 5, 2018, ZAMORA purchased the First Defendant Property in the name of ZTowers Holdings LLC for $6 million (including a $3.9 million loan).

20. All on or about October 5, 2018, ZAMORA transferred $1,932,682.78 from STONE DIAGNOSTICS' Account x4923 to ZAMORA's Account x4865; then transferred the $1,932,682.78 from his account to ZTowers Holdings' Account x1076; and then wired $1,932,682.78 from ZTower Holdings' Account x1076 to Select Title to close on the purchase of the First Defendant Property.

21. Because the STONE DIAGNOSTICS funds were proceeds of the health care fraud, and because $1,932,682.78 in STONE DIAGNOSTICS funds were used to purchase the real property, a portion of the First Defendant Property is subject to forfeiture as constituting or derived from proceeds of health care fraud.

22. In addition, since more than $10,000 in health care fraud proceeds were used in a financial transaction to purchase the real property, the purchase

transaction is a money laundering offense. Therefore, the First Defendant Property is also subject to forfeiture as property involved in money laundering.

C. **THE PURCHASE OF THE SECOND DEFENDANT PROPERTY**

23. On or about November 2, 2018, ZAMORA purchased the Second Defendant Property in the name of Z-Towers Real Estate Investments Properties, LLC ("Z-Towers RE"), for $335,000 (including a $200,000 loan).

24. On or about November 2, 2018, ZAMORA transferred $150,000 from ZAMORA's Account x4881 as the opening deposit for Z-Towers RE's new Account x7180. A financial analysis shows that the entire $150,000 was STONE DIAGNOSTICS fraud proceeds that funded intermediary accounts.

25. The very first withdrawal from Account x7180 was the payment of $136,279.08 from Z-Towers RE to Hill Country Titles, Inc. to close on the Second Defendant Property.

26. Because the $136,279.08 was STONE DIAGNOSTICS proceeds of the health care fraud, a portion of the Second Defendant Property is subject to forfeiture as constituting or derived from proceeds of health care fraud.

27. In addition, since more than $10,000 in health care fraud proceeds were used in a financial transaction to purchase the real property, the purchase transaction is a money laundering offense. Therefore, the Second Defendant Property is subject to forfeiture as property involved in money laundering.

**D.     THE PURCHASE OF THE THIRD DEFENDANT PROPERTY**

28.     On or about February 26, 2019, ZAMORA purchased the Third Defendant Property in the name of Roberto Zamora and his wife for $275,000.

29.     ZAMORA's Account x4881 was funded by Texas Medical Alliance Account x1847, another company account controlled by ZAMORA, which was in turn funded by STONE DIAGNOSTICS. On February 6, 2019, Account x1847 transferred $400,282.20 to ZAMORA's Account x4881. A financial analysis shows that the entire $400,282.20 was STONE DIAGNOSTICS fraud proceeds.

30.     On February 26, 2019, ZAMORA obtained a cashier's check from ZAMORA's Account x4881 for $249,581.80 made payable to Fort Bend Title, LLC, to close on the purchase of the Third Defendant Property.

31.     Because the $249,581.80 was STONE DIAGNOSTICS proceeds of the health care fraud, the Third Defendant Property is subject to forfeiture as constituting or derived from proceeds of health care fraud.

32.     In addition, since more than $10,000 in health care fraud proceeds were used in a financial transaction to purchase the real property, the purchase transaction is a money laundering offense. Therefore, the Third Defendant Property is subject to forfeiture as property involved in money laundering.

**E.     THE PURCHASE OF THE FOURTH DEFENDANT PROPERTY**

33.     On or about April 18, 2019, ZAMORA purchased the Fourth Defendant

Property in the name of Z-Towers Real Estate Investments Properties, LLC, for $548,000 (including a $411,000 loan).

34. On April 17, 2018, STONE DIAGNOSTICS' Account x4923 transferred $175,000 of fraud proceeds to Z-Towers RE's Account x7180. Then on April 22, 2019, Z-Towers RE's Account x7180 paid $136,941.86 at closing to Fredericksburg Title Co.

35. Because the $136,941.86 was STONE DIAGNOSTICS proceeds of the health care fraud, the Fourth Defendant Property is subject to forfeiture as constituting or derived from proceeds of health care fraud.

36. In addition, since more than $10,000 in health care fraud proceeds were used in a financial transaction to purchase the real property, the purchase transaction is a money laundering offense. Therefore, the Fourth Defendant Property is subject to forfeiture as property involved in money laundering.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than

60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than 21 days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be sent to the undersigned Assistant United States Attorney at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on the titled property owners and on any persons who reasonably appear to be potential claimants. The United States seeks a final judgment forfeiting the Defendant Properties to the United States and requests any other relief to which the United States may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By:  /s/ Kristine E. Rollinson
Kristine E. Rollinson
SDTX Federal No. 16785
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

10

## VERIFICATION

I, David H. McBride, Special Agent with the Federal Bureau of Investigation, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3 - 6 and 11 – 36 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

*David H McBride*

David H. McBride, Special Agent
Federal Bureau of Investigation